UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIANJIN ZHENG,<br><br>                    Petitioner,<br><br>v.<br><br>JEREMY CASEY, in his official capacity as Warden of Imperial Regional Adult Detention Facility, et al.,<br><br>                    Respondents. | Case No.: 3:26-cv-01110-RBM-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Xianjn Zheng's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Court **GRANTS** the Petition.

### I.     BACKGROUND

Petitioner is a noncitizen who has resided in the United States since December 7, 2023. (*See id.* ¶ 44.)[1]  On or about November 2, 2025, Petitioner was arrested while reporting for a scheduled check in with Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 45.)  Petitioner was then charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and placed in removal proceedings. (*Id.* ¶ 46.)  To date, he has not received a bond hearing, claiming that immigration courts are refusing to hold bond hearings in reliance on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*See id.* ¶ 75.)

---

[1] The Court cites the paragraph numbers of the Petition and the CM/ECF electronic pagination for all other filings.

1

On February 20, 2026, Petitioner filed his Petition. (*See id.*) Shortly thereafter, the Court issued an Order to Show Cause and set a briefing schedule. (Doc. 2.) On February 26, 2026, Respondents filed their Response to Petition. (Doc. 3.) The next day, Petitioner filed his Opposition to Respondents' Response to Petition for Writ of Habeas Corpus. (Doc. 4.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims that his detention violates the Immigration and Nationality Act, 8 U.S.C. § 1226, and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 53–66.) Respondents concede "that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing." (Doc. 3 at 2.) But Petitioner argues that the Court should order his immediate release. (Doc. 1, Prayer for Relief ¶ e; Doc. 4 at 2–3.) Because the Parties agree that Petitioner is detained under § 1226, the Court **GRANTS** the Petition.

The Court also agrees that Petitioner is entitled to immediate release.[2] To the extent

---

[2] Other courts have granted immediate release under nearly identical circumstances. *See, e.g.*, *Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD (HC), 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026) ("Because Respondents do not assert any alternative basis for

Respondents argue that Petitioner is entitled only to a bond hearing, this argument "misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid." *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[ ] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV.   **CONCLUSION**[3]

For the foregoing reasons, the Petition is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence,[4] that Petitioner poses a danger to the

---

Petitioner's detention, and do not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the court finds that the appropriate relief is Petitioner's immediate release.").

[3] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[4] *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty

community or a risk of flight.

**IT IS SO ORDERED.**

DATE: February 27, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").